## Commonwealth v. Dorman, Appellant (No. 2).

*Trial—Remark of district attorney—Exception—Record.*

An assignment of error based upon an alleged improper remark of the district attorney to the jury cannot be considered by the appellate court, where no exception was taken to the remark before the verdict, and no bill was sealed. A mere entry on the stenographer's notes after the verdict that the defendant's counsel "takes exceptions to a remark made by the

district attorney," is not sufficient upon which to base an assignment of error.

Argued Nov. 18, 1902.   Appeal, No. 8, Feb. T., 1903, by defendant, from judgment of Q. S. Lycoming Co., March T., 1902, No. 66, on verdict of guilty in case of Commonwealth v. Henry W. Dorman, Arthur Dorman and Charles N. Purvis.   Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Indictment for conspiracy.   Before HART, P. J.

The last paragraph of the charge and the conclusion of the printed record were as follows:

Now, gentlemen, take this whole case into consideration.   All the evidence in the cases is for you.   It is your duty to take into account everything pertaining to these cases, and after you have carefully considered it, make such disposition as your conscience directs you and endeavor to do justice between the commonwealth and these defendants.

Constable sworn and jury retires at 9 : 38 A. M.

Mr. Edwards, of counsel for defendants, takes exception to a remark made by the district attorney in his remarks to the jury to the effect that Arthur Dorman was not put upon the stand in his own behalf.

And now, to wit: March 7, 1902, before verdict, counsel for the defendants except to the charge of the court, and bill sealed; and they further request that the charge of the court, together with the stenographic notes of the evidence, be transcribed into longhand and filed of record in the case.

Verdict of guilty as to both defendants upon which judgment of sentence was passed.

*Error assigned* among others was as follows: Because the district attorney, in his closing address to the jury, referred to the fact that one of the defendants, Arthur Dorman, did not take the witness stand and testify in his own behalf.

*N. M. Edwards*, with him *George B. M. Metzger*, for appellants.

*W. H. Spencer*, for appellee.

OPINION BY SMITH. J., January 20, 1903:

This case and the case preceding were tried together below, and argued together on the appeal. What has been said in the opinion filed in the preceding case applies equally to the present case.

The assignment embraces a point applicable only to this case. In the paper-book of the appellants, it is thus set forth:

"Mr. Edwards, of counsel for defendants, takes exception to a remark made by the district attorney in his remarks to the jury to the effect that Arthur Dorman was not put upon the stand in his own behalf."

This presents nothing on which we can act. It does not set forth the language complained of, beyond its alleged effect, and, on the argument, the counsel on both sides admitted their inability to reproduce it. Hence there is no adequate basis for its examination here. Nor is this the only difficulty. It does not show when the defendants' counsel "took exception," and it was admitted at bar that it was not taken until after the verdict. Technically, moreover, there was no exception which can bring the matter before us. It is not sufficient that counsel "take exception." To place the matter excepted to on the record, a bill of exceptions must be sealed by the court. As the record stands, there is nothing to authenticate the subject-matter of the assignment, and it is therefore beyond our consideration.

Judgment affirmed.